# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| TIMOTHY PAGE, Individually and for Others Similarly Situated, | Case No. 3:20-cv-184 |
| Plaintiffs, | |
| v. | Jury Trial Demanded |
| RENUKE SERVICES, INC. | |
| Defendant. | FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. ReNuke Services, Inc. (ReNuke) failed to pay Timothy Page (Page), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, ReNuke pays Page, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Page brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

6. ReNuke is headquartered in this District in Oak Ridge, Tennessee.

### THE PARTIES

7. Page was an hourly employee of ReNuke.

8. Page worked for ReNuke from approximately March 2019 until February 2020.

9. His consent to be a party plaintiff is attached as **Exhibit A**.

10. Page brings this action on behalf of himself and other similarly situated workers who were paid by ReNuke's "straight time for overtime" system.

11. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of ReNuke during the past 3 years who were paid straight time for overtime (the "Straight Time Workers").**

12. Page seeks conditional and final certification of the Straight Time Workers in this collective action under 29 U.S.C. § 216(b).

13. ReNuke is a company doing business throughout the United States. ReNuke may be served by serving its registered agent: **CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919-5546**.

### COVERAGE UNDER THE FLSA

14. At all relevant times, ReNuke was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, ReNuke was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, ReNuke was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

17. At all relevant times, ReNuke had an annual gross volume of sales made in excess of $1,000,000.

18. At all relevant times, Page and the Straight Time Workers (defined above) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

19. ReNuke provides staffing services and turnkey project execution for the nuclear power industry.

20. Page worked for ReNuke from approximately March 2019 until February 2020.

21. Page performs work for ReNuke at Entergy's nuclear power plant in Port Gibson, Mississippi.

22. Page was a Senior Technical Instructor for ReNuke.

23. As a Senior Technical Instructor, Page provided training to other nuclear power plant workers using a curriculum established by ReNuke or its customer.

24. Page reported the hours he works to ReNuke on a regular basis.

25. Page was not guaranteed a salary.

26. If Page worked fewer than 40 hours in a week, he is only paid for the hours works.

27. Page regularly worked over 40 hours in a week.

28. Although he often worked 45 to 50 hours per workweek, ReNuke never paid Page any overtime but, rather, paid him straight-time-for-overtime.

29. The hours Page and the Straight Time Workers (defined above) work are reflected in ReNuke's records.

30. Rather than receiving time and half as required by the FLSA, Page only received "straight time" pay for overtime hours worked.

31. ReNuke's "straight time for overtime" payment scheme violates the FLSA.

32. ReNuke was and is aware of the overtime requirements of the FLSA.

33. ReNuke nonetheless fails to pay certain employees, such as Page, overtime.

34. ReNuke did not guarantee Page and Straight Time Workers a salary.

35. ReNuke's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

36. ReNuke's illegal "straight time for overtime" policy extends beyond Page.

37. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

38. ReNuke pays dozens of workers using the same unlawful scheme.

39. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

40. The workers impacted by ReNuke's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### COLLECTIVE CAUSES OF ACTION

41. Page incorporates all previous paragraphs and alleges that the illegal pay practices ReNuke imposed on Page were likewise imposed on the Straight Time Workers.

42. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

43. Numerous other individuals, like Page, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

44. Based on his experiences and tenure with ReNuke, Page is aware that ReNuke's illegal practices were imposed on the Straight Time Workers.

4

Case 3:20-cv-00184-PLR-DCP   Document 1   Filed 04/28/20   Page 4 of 6   PageID #: 4

45. The Straight Time Workers were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

46. ReNuke's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Straight Time Workers.

47. The specific job titles or precise job locations of the various Straight Time Workers does not prevent collective treatment.

48. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

49. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### JURY DEMAND

50. Page demands a trial by jury

### PRAYER

51. Page prays for relief as follows:

   a. An Order designating the Straight Time Workers as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Straight Time Workers with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding ReNuke liable for unpaid back wages due to Page and the Straight Time Workers for liquidated damages equal in amount to their unpaid compensation;

5

c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Jennifer B. Morton*
**Jennifer B. Morton** (BPR # 015585)
**Maha M. Ayesh** (BPR # 025244)
**JENNIFER MORTON LAW, PLLC**
8217 Pickens Gap Road
Knoxville, TN 37920
865-579-0708, 865-579-0787 (fax)
jen@jmortonlaw.com
maha@jmortonlaw.com

**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Carl A. Fitz**
Texas Bar No. 24105863
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

6